iPROB 12C(d)
(03/06)

June 3, 2008

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Luis Manuel GOMEZ-Dominguez (Spanish)      **Dkt No.:** 07-CR-02952-001-JM

**Reg. No.:** 27206-265

**Name of Sentencing Judicial Officer:** The Honorable Jeffrey T. Miller, U.S. District Judge

**Date of Sentence:** February 29, 2008

**Original Offense:** 18 U.S.C. § 1001, False Statement to a Federal Officer, a Class D felony

**Sentence:**   154 days' custody (time served);  3 years' supervised release.
(*Special Conditions:* If deported not reenter the United States. Supervision waived upon deportation.)

**Type of Supervision:** Supervised Release       **Date Supervision Commenced:** February 29, 2008

**Asst. U.S. Atty.:** William Hall                **Defense Counsel:** Erick Guzman, Fed. Def.'s. Inc.
                                                                       (Appointed)
                                                                       (619)234-8467

**Prior Violation History:** None.

---

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

PROB 12C(d)

Name of Offender: Luis Manuel GOMEZ-Dominguez                                June 3, 2008
Docket No.: 07-CR-02952-001-JM                                                        Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(mv1)* | 1. | On or about March 4, 2008, Mr. Gomez-Dominguez, a previously deported alien, was found in the United States in violation of 8 U.S.C. § 1326, as evidenced by the indictment filed in the U.S. District Court, Southern District of California, Docket No. 08-CR-01003-001-WQH. |
| **(Special Condition)**<br>If deported, or returned to Mexico, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States. *(mv35)* | 2. | On or about March 4, 2008, Mr. Gomez-Dominguez, a previously deported alien, was found in the United States, as evidenced by the indictment filed in the U.S. District Court, Southern District of California, Docket No. 08-CR-01003-001-WQH. |

***Grounds for Revocation***: As to allegations 1 and 2, I received and reviewed the complaint (with probable cause statement) and indictment, which confirmed the following: On the above date, a U.S. Border Patrol agent observed Mr. Gomez-Dominguez lying in brush in an area approximately 1.5 miles west of the San Ysidro, California, Port of Entry, and approximately fifty yards north of the United States/Mexico International boundary fence. When questioned, Mr. Gomez-Dominguez freely admitted that he was a Mexican citizen and national without immigration documentation permitting him to enter or remain in the United States legally.

Records revealed that Mr. Gomez-Dominguez was last deported from the United States on March 3, 2008.

On April 2, 2008, Mr. Gomez-Dominguez pled guilty to 8 U.S.C. § 1326(a) and (b), Attempted Entry After Deportation, in the U.S. District Court, Southern District of California, Docket No. 08-CR-01003-001-WQH. A Motion Hearing/Trial Setting is scheduled for June 9, 2008, before U.S. District Judge William Q. Hayes.

PROB 12C(d)

Name of Offender: Luis Manuel GOMEZ-Dominguez          June 3, 2008
Docket No.: 07-CR-02952-001-JM          Page 3

**U.S. Probation Officer Recommendation:** If found in violation, that supervised release be revoked and the offender be sentenced to 14 months' custody, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: June 3, 2008**

Respectfully submitted:

Mark R. Reinhardt
Supervising U.S. Probation Officer

Attachments

/pjk

PROB 12C(d)

| | |
|---|---|
| Name of Offender: Luis Manuel GOMEZ-Dominguez | June 3, 2008 |
| Docket No.: 07-CR-02952-001-JM | Page 4 |

**THE COURT ORDERS:**

__✓__  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

(Currently detained at Western Region Detention Facility, San Diego, California, under Registration No. 27206-265)

_____  Other _____

_____

_____

_[signature]_             6/9/08
The Honorable Jeffrey T. Miller        Date
U.S. District Judge

# EXPANDED VIOLATION WORKSHEET

1. **Defendant:** GOMEZ-Dominguez, Luis Manuel

2. **Docket No.** (Year-Sequence-Defendant No.): 07-CR-02952-001-JM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

    | Violation(s) | Grade |
    |---|---|
    | Deported Alien Found in the United States | B |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))    [B]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))    [III]

6. **Statutory Maximum Term** (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
   Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is:    [24 months]

7. **Range of Imprisonment** (*Custody*) (*See* USSG § 7B1.4(a))
   A Grade B violation with a Criminal History Category III establishes an imprisonment range of:    [8-14 months]

8. **Statutory Maximum Term** (*Supervised Release*) (*See* 18 U.S.C. § 3583(b))
   If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. In this case, the court has the authority to reimpose a term of:    [36 months]

9. **Recommendation:**    [14 months' custody, consecutive to any other sentence being served. *See* USSG § 7B1.3(f)- w/ no supervised release to follow]

_(signature)_

June 3, 2008
Date